UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, LOCAL 611, and UNITED FOOD AND COMMERCIAL WORKERS, AFL-CIO, LOCAL 1564<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF COUNTY COMMISSIONERS OF SANDOVAL COUNTY,<br><br>Defendants. | **Electronically Filed**<br><br>CASE NO. 18-CV-00263 |

**NOTICE OF REMOVAL**

**I.   Background and Legal Claims**

On January 18, 2018 the Board of County Commissioners of Sandoval County ("the County") enacted an ordinance that prohibits requiring an employee covered by the National Labor Relations Act (NLRA) to join or pay dues or fees to a union as a condition of his or her employment within the jurisdiction of the County (the "Ordinance"). It applies only to those employees covered by the NLRA.

The Ordinance also provides that the payroll deduction of union dues shall be revocable at will "unless the employee has expressly waived such right of revocation in the express terms of an otherwise lawful 'dues check-off' card." (Sec. 5, the Ordinance) The Ordinance applies to all contracts entered into after its effective date, February 17, 2018, within the Board's jurisdiction.

The Complaint was filed by two trade unions, who claim they represent bargaining units of four different employers whose collective bargaining agreements ("CBAs") with

1

those four employers will expire at various points within the next two years ("Plaintiffs"). Complaint, ¶¶ 9-12.

The Complaint alleges that the existing CBAs contain "union security clauses" by which employees are required to be members of and/or pay fees to the Plaintiffs as conditions of their employment, and that the Plaintiffs "*expect* that the clauses will be included in successor agreements as well." *Emphasis added*, Complaint, ¶ 13. The Complaint alleges that "[a]pplication of such clauses in successor agreements to employees working at locations in Sandoval County would violate the Ordinance." *Id.*

The Complaint also seeks relief from Section 5 of the Ordinance, which "purports to regulate [dues check off] authorizations signed or renewed after February 20, 2018." Complaint, ¶ 14 Accordingly, the Complaint seeks declaratory and injunctive relief declaring the regulation of both union security clauses and dues check-off clauses "invalid in whole or in part." Complaint at 5.

The County contends:

(1) It has the authority to pass the Ordinance under the National Labor Relations Act, The Labor Management Reporting and Disclosure Act, the Taft Hartley Act and the 10th Amendment to the United States Constitution, citing within the Ordinance the following authority:

> This Ordinance is enacted pursuant to the authority granted to this body by the New Mexico Constitution, as a political subdivision of the State, in accordance with the laws set forth in the New Mexico Revised Statutes and the laws of the United States of America. *Ordinance, Section 1*.

(2) That they have properly executed their authority, in furtherance of their objectives "to promote and encourage the growth of products, services and employment opportunities to its citizens, and for the protection and convenience of the public and the expansion of the

tax base, that we should protect employees' right to choose employment without restraint or coercion regarding the payment of mandatory dues, fees or other payments to a labor organization as a condition of that employment…" Ordinance, Recitals.

(3) The State of New Mexico has properly delegated its power to regulate union security clauses to certain "political subdivisions" of the State, including Sandoval County.

The County accepted service on February 19, 2018, 30 days prior to this filing. A true and correct copy of all process and pleadings served on the County along with a copy of the docket sheet from the State action is attached as Exhibit A.

## II. Removal – Federal Question Jurisdiction

This removal is effected pursuant to 28 U.S.C. § 1441(a), as it is a civil action involving questions of federal law and over which the District Courts of the United Sates have original jurisdiction. Defendants are removing this action to the United States District Court for the District where the action is pending, the United States District for the District of New Mexico.

### a) Plaintiffs Have Asserted Substantial Issues of Federal Law

Plaintiffs have attempted to artfully plead a federal case without mention of federal law, but there are substantial issues of federal law that must be resolved to address the claims presented by Plaintiffs, including:

### b) Preemption by §§ 301, 302 of the Labor Management Relations Act: Dues Check-Off Cards[1]

---

[1] Dues check off cards are a payroll deduction card signed by the employee, pursuant to a clause in a CBA. Terms vary governing their revocability, and their enforceability against non-members, and impermissible terms render them unenforceable or revocable at will. *IBEW Local 2088 (Lockheed Space Operations Company),* 302 NLRB 322, 328, 329 (1991)

Plaintiff's Complaint is organized thus: ¶ ¶9-12 alleges standing based on the existence of certain collective bargaining agreements (CBAs) with employers in the County containing clauses, which ¶ 13 alleges are lawful union security clauses that (though unaffected for now) could be affected if future contracts included them and Plaintiffs "expect" the clauses to be agreed to in future bargaining for "successor contracts"; ¶14 alleges that the same CBAs also have *dues check-off clauses* which Plaintiff asserts are legal and enforceable (though they are not provided); ¶ 15 alleges no express grant of authority from the State to the County for the Ordinance in general; ¶ 16 alleges that the state *could* but has *not* prohibited the union security clauses referenced in ¶13, concluding the refusal to outlaw them is "policy choice" the County is not free to counter. But, note what ¶16 does not do: it does *not* allege the State could regulate the dues check off clauses, which it lists in ¶14.

They do not assert that the state could have regulated dues check-off, because if the language of the ordinance is pre-empted by Section 301, the State could *not* regulate the clauses and certainly could not delegate it's authority to do so, because it would lack the authority. Dues check-off clauses are regulated by federal law differently than union security clauses. 29 U.S.C. § 186(c)(4)*See, SeaPAK v Indus.,Technical & Prof'l Employees,* 400 U.S. 985 (1971). It is the content of the Ordinance that determines whether it is lawful or not, not whether the state delegated its authority or not.

In the recent 6th Circuit case, *UAW v Hardin County*, 842 F3d 407 (6th Cir. 2016) *cert denied,* 138 S.Ct. 130 (2017), the Court reviewed an almost identical law to the Ordinance. Hardin County's equivalent provision to § 5, purported to make *all* dues check off provisions "revocable at will" but the Court held that was pre-empted by Section 302,

which permits cards to be irrevocable for "no more than a year." (It upheld the County's prohibition on union security clauses, finding those were *not* pre-empted.) The Sandoval County Ordinance at hand modified the language in Hardin County's law to construe dues check-off cards to be revocable at will "*unless the employee has expressly waived such right of revocation in the express terms of an otherwise lawful 'dues check-off' card.*" (Emphasis added) Ordinance, §5.

The distinction may seem minor, but it is substantial. To determine the legality of Section 5, the Court must consider the language in Section 302, and balance that against the language in the Ordinance, and the Court must actually review the referenced, but nowhere to be found, dues check-off cards to determine if they are "lawful" under both Section 302 and the NLRA. That determination cannot be made, as the Plaintiffs request, without resort to federal law.

The County clearly believes this portion of Ordinance is authorized by Section 302, and consistent with its power, clarifying only that *unlawful* dues check-off provisions may be revoked at will, and clarifying that the burden will be on the party asserting the obligation to pay, and such burden shifting is not addressed in Section 302. Thus, the union's requested remedy, declaring Section 5 invalid, is not possible without resorting to analysis of the Ordinance's language, and terms of art in the CBA, as well as the federal statute, and as governing authority by the NLRB.

       **c) Preemption by Section 301 of the Labor Management Relations Act: Standing**

Because the claim brought by the Plaintiffs is a statutory claim, for declaratory relief, the issue of standing is a "jurisdictional prerequisite." *ACLU of NM v City of Albuquerque*,

2008-NMSC-045 ¶9, 144 N.M. 471, 188 P3d 1222. The Plaintiffs assert standing as a result of the 4 CBAs they reference in ¶9-12 of the Complaint, which they maintain have enforceable union security clauses as alleged in ¶13. Those CBAs were not provided, but in order to weigh standing, the Court would have to conduct a review of the terms of those CBAs to determine whether the clauses are in fact enforceable. They may be prohibited maintenance of membership clauses[2], they may not be renewed by the employers and the union when upcoming negotiations are held – even in non-RTW jurisdictions, there is no requirement that an employer include union security in their CBA. In order to ensure that the "expectation" of renewal of the clauses is more than mere speculation, the Court would have to weigh the parties' good faith bargaining obligation – imposed by federal law and interpreted extensively by the NLRB and the Circuits for decades; the effect of *Erie Brush* v *NLRB*, 700 F3d 17 (DC Cir. 2012) which allows employers to more easily reach impasse and implementation on the issue of union security alone; the relative likelihood that the contracts could expire without renewal, with the consequent lapse in union security obligations. If there is no lawful union security clause, and no reasonable expectation of one, the union is hard pressed to demonstrate standing since such "open shops" are unaffected by the Ordinance.

In short, whether the Plaintiffs have standing at all is going to require an examination of the terms of the CBAs, the bargaining history, the duties imposed by federal

---

[2] *Monson Trucking v General Drivers Union Local 160*, 324 **NLRB** 933, 938 (1997). "[A] collective bargaining agreement containing a union-security clause which compels "membership" or "membership in good standing" as a condition of employment is facially invalid under the National Labor Relations Act. In order for such a clause to be valid, the collective bargaining agreement must define membership as *only* the obligation to pay periodic dues and initiation fees related to representational costs." *Id.,* at 938.

law on the parties and an evaluation of whether in sum, that makes the effect of the ordinance too speculative to even grant jurisdiction, *all* legal inquiries requiring intimate knowledge of, and application of, federal law. *See, for example, Johnson v. Beatrice Foods Co.*, 921 F.2d 1015 (10th Cir. 1990)[3]

### d) **Removal: Federal Question**

The Complaint tries to artfully avoid referencing a federal statute or a federal question, but the issue as to the "legality of the Ordinance" (¶19, Complaint) requires the consideration of several federal questions: the interpretation and legality of the union security clauses, the jurisdictional requirement of standing of the parties, whether the dues check-off language is preempted by the §302 "no more than a year" cap on revocability. At it's core, the Plaintiff's seek a determination of a fundamentally federal question: the ability of a state to delegate to its political subdivisions its own power to regulate union security (forced dues) clauses.

In fact, the New Mexico Attorney General, in a January 18th letter provided to the union, concluded "Because §4 and § 5 of the [Ordinance] regulate collective bargaining matters covered by the NLRA, their validity and enforceability depend on whether they are pre-empted by the NLRA." The Counties believe the overwhelming weight of federal authority confirms that they are not pre-empted, but as the AG recognized, their affirmation or rejection will require that inquiry.

---

[3] "We considered whether an employee's state law claim for intentional infliction of emotion distress against his former employer was preempted by 301. Holding that it was preempted, we noted that the plaintiff's claim '*directly relates to either explicit or implied rights derived from the CBA*.'" *Garley v Sandia,* 200 F3d 1200, 1209 (10th Cir. 2000)

To answer the question "*did* the state delegate" requires the Court to decide whether the state "*CAN*" delegate. Whether the state "did" delegate its power to the County – the question the Plaintiffs want answered - requires that they have the *ability* to so delegate, and that question is one addressed only by referencing the NLRA, Taft Hartley, the 10th Amendment, and the legislative history of the acts, as the 6th Circuit recently did, *see* 842 F3d 407 (6th Cir. 2016) *cert denied,* 138 S.Ct. 130 (2017)

There is no question the Defendant itself could have brought this same claim as a declaratory action in Federal Court: *Does the County have the authority to pass right to work laws in the otherwise widely pre-empted field of federal labor law*? The County believes the overwhelming weight of authority, including multiple Supreme Court cases resolve the issue in its favor, but that requires answering some fundamentally federal questions.

e)  **This Removal is Timely and No Other Defendants Are Named**

This Notice of Removal is filed within 30 days after receipt by Defendants, through service or otherwise, of a copy of the initial pleading establishing the case is removable to this Court. It is therefore timely under 28 U.S.C §1446(b). All Defendants are represented by the undersigned counsel, there being only the County thus served, and the Defendants will file a notice in State Court where the action is currently pending that this action has been removed, and will serve this Notice of Removal on the Plaintiffs.

        Respectfully submitted,

        HEATHER SMALLWOOD
        Assistant Sandoval County Attorney

        By:  ___/s/ Heather Smallwood___
            Heather R. Smallwood

                                                    Post Office Box 40
                                                    Bernalillo, New Mexico 87004-0040
                                                    (505) 867-7507
                                                    hsmallwood@sandovalcountynm.gov

I HEREBY CERTIFY that on the 21ST day of March 2018, I filed the foregoing pleading electronically through the CM/ECF system.

            _____/s/ Heather Smallwood_____
Heather R. Smallwood, Attorney for Defendant