| | |
|---|---|
| **SUMMONS** | |
| THIRTEENTH JUDICIAL DISTRICT COURT<br>COUNTY OF SANDOVAL<br>STATE OF NEW MEXICO<br><br>COURT ADDRESS:<br>1500 IDALIA RD., BLDG. A<br>BERNALILLO, NM 87004<br>COURT TELEPHONE NUMBER:<br>(505) 867-2376 | Case No. D-1329-CV-2018-00423<br><br><br><br>JUDGE: The Honorable John F. Davis |
| International Brotherhood of Electrical Workers, AFL-CIO, Local 611 and United Food and Commercial Workers, AFL-CIO, Local 1564,     Plaintiffs,<br><br>v.<br><br>Board of County Commissioners of Sandoval County,<br>    Defendant. | To:  Board of County Commissioners of Sandoval County<br>c/o Eileen Garbagni, Sandoval County Clerk<br>1500 Idalia Rd., Bldg. D<br>Bernalillo, New Mexico 87004 |

**TO THE ABOVE NAMED RESPONDENT(S):** Take notice that:
1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you were served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA). The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; or 1-800-876-6657; or 1-505-797-6066.

Dated at  Bernalillo  , New Mexico, this  19  day of  February  , 2018.

Issued by: /s/ Christal R. Bradford
CLERK OF COURT



/s/ Shane Youtz
Signature of Attorney for Plaintiffs
Shane Youtz (shane@youtzvaldez.com )
Stephen Curtice (stephen@youtzvaldez.com)
James Montalbano (james@youtzvaldez.com)
YOUTZ & VALDEZ, P.C.
900 Gold Ave. SW
Albuquerque, NM 87102
(505) 244-1200 – Telephone

'18 FEB 19 PM 4:40

THIRTEENTH JUDICIAL DISTRICT COURT
COUNTY OF SANDOVAL
STATE OF NEW MEXICO

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL-CIO,
LOCAL 611, and
UNITED FOOD AND COMMERCIAL
WORKERS, AFL-CIO, LOCAL 1564,

        **Plaintiffs,**

v.                                  No. _____

D-1329-CV-2018-00423

BOARD OF COUNTY COMMISSIONERS
OF SANDOVAL COUNTY,

        **Defendant.**

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

COME NOW Plaintiffs International Brotherhood of Electrical Workers, AFL-CIO, Local 611 ("IBEW Local 611") and United Food and Commercial Workers, AFL-CIO, Local 1564 ("UFCW Local 1564"), by and through their counsel of record, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James Montalbano), pursuant to NMSA 1978, § 44-6-1 *et seq.*, and hereby file their Complaint for Declaratory Judgment and Injunctive Relief, and as grounds therefore state:

1. Plaintiffs IBEW Local 611 and UFCW Local 1564 are unincorporated labor organizations and are residents of the State of New Mexico.

2. Sandoval County is a political subdivision of the State of New Mexico. Defendant Board of County Commissioners ("County Commissioners") is the governing body of Sandoval County.

3. Sandoval County is not an "incorporated county" or an "urban county" within the meaning of Article X, Sections 5 and 10 of the New Mexico Constitution.

4. Sandoval County is not a "Home Rule County" within the meaning of NMSA 1978, §§ 4-37-10 through -13 (1987).

5. Sandoval County and its County Commissioners may exercise only those legislative powers that have been expressly granted to the County by the New Mexico Legislature.

6. This Court has jurisdiction over the parties and the subject matter.

7. Venue is proper in this County and Judicial District pursuant to NMSA 1978, § 38-3-2 (1939).

8. On January 18, 2018, the County Commissioners approved Ordinance Number 01-18-18.9C ("the Ordinance" and attached hereto as Exhibit 1). The Ordinance is effective no later than February 20, 2018 and applies to all contracts entered into or renewed after that date.

9. IBEW Local 611 represents a bargaining unit of employees of the Jemez Electric Coop that includes employees who report for work at Jemez facilities located in Cuba and Jemez Springs and who regularly perform work throughout Sandoval County. Local 611's collective bargaining agreement with Jemez expires on December 31, 2018. As it has when prior collective bargaining agreements have expired, Local 611 will begin negotiations with Jemez prior to that expiration date and expects to enter into a successor agreement that will be effective on or near to the expiration date.

10. IBEW Local 611 represents a bargaining unit of employees of the Public Service Company of New Mexico ("PNM") that includes employees who regularly work within Sandoval County. Local 611's collective bargaining agreement with PNM expires on April 30, 2020. As it has when prior collective bargaining agreements have expired, Local 611 will begin negotiations with PNM prior to that expiration date and expects to enter into a successor agreement that will be effective on or near to the expiration date.

11. UFCW Local 1564 represents two bargaining units of employees of Albertson's LCC, each comprised of the meat department employees working at one of the two Albertson's supermarkets located in Rio Rancho, New Mexico. One of Local 1564's collective bargaining agreements with Albertson's expires on June 9, 2018, and the parties have begun negotiations for a successor agreement. Local 1564's other meat department collective bargaining agreement with Albertson's expires on March 9, 2019, and the parties expect to begin negotiations for a successor agreement prior to that expiration date. Based on past experience, Local 1564 expects to enter into successor agreements that will be effective on or near to the expiration dates.

12. UFCW Local 1564 represents two bargaining units of employees of Smith's Food Drug Centers, Inc., who work at various locations throughout New Mexico, including at two stores located in Rio Rancho, New Mexico. Both of these agreements expire on June 9, 2018, and the parties have begun negotiations for successor agreements. Based on past experience, Local 1564 expects to enter into successor agreements that will be effective on or near to the expiration dates.

13. Each of the collective bargaining agreements described in ¶¶ 9-12 contains a clause requiring covered employees to tender dues or fees to the Plaintiffs as a condition of continued employment. These clauses have been included in all of the predecessor agreements negotiated by the Plaintiffs. The Plaintiffs expect that the clauses will be included in successor agreements as well. Application of such clauses in successor agreements to employees working at locations in Sandoval County would violate the Ordinance.

14. Each of the collective bargaining agreements described in ¶¶ 9-12 provides that covered employees may sign a written authorization for the payroll deduction of dues or fees owed to the Plaintiffs. These written authorizations are irrevocable for a period of one year and

automatically renew if not revoked during a specified window period. The Ordinance purports to regulate such written authorizations signed or renewed on or after February 20, 2018.

15. The New Mexico Legislature has not expressly granted Sandoval County the power to approve ordinances like the Ordinance. The Ordinance is, therefore, invalid under the laws of New Mexico.

16. The State of New Mexico has the power to prohibit throughout its territory the execution or application of the contract clauses described in ¶ 13. The New Mexico Legislature has repeatedly declined to enact such a prohibition. The Ordinance's prohibition of such contract clauses conflicts with the policy choice of the New Mexico Legislature in this regard. The Ordinance's prohibition of such contract clauses is, therefore, invalid.

17. The Ordinance states that it "is to be applied throughout the County of Sandoval County, and all governmental entities subsumed thereunder, included." The Ordinance is invalid under NMSA 1978, § 4-37-2 (1975) to the extent that it purports to be effective within the limits of any incorporated municipality.

18. The rights, status and legal relations of the parties require the Court to enter a declaratory judgment pursuant to Section 44-6-12 of the Declaratory Judgment Act, NMSA 1978, §§ 44-6-1 through -15 (1975).

19. There exists an actual dispute between Plaintiffs and Defendant as to the legality of the Ordinance under the state laws referenced above.

20. There exists an actual dispute between Plaintiffs and Defendant as to the power of Defendant to enact the Ordinance under the state laws referenced above.

21. There exists an actual dispute between Plaintiffs and Defendant as to the applicability of the Ordinance in the incorporated areas of Sandoval County under the state laws referenced above.

22. This Court should grant declaratory relief regarding the matters discussed herein.

23. This Court should grant a permanent injunction which precludes Defendant from acting inconsistently from the declaratory judgments made in this case.

WHEREFORE Plaintiffs respectfully requests that this Court:

A. Declare that Ordinance Sandoval County Ordinance Number 01-18-18.9C is invalid in whole or in part.

B. Permanently enjoin Sandoval County from enforcing Ordinance Number 01-18-18.9C insofar as it has been declared invalid.

C. Grant any other relief this Court finds just and proper.

Dated: February 16, 2018                    Respectfully submitted,

                                                                      YOUTZ & VALDEZ, P.C.

                                                                      */s/ Shane Youtz*
                                                                 Shane C. Youtz
                                                                 shane@youtzvaldez.com
                                                                 Stephen Curtice
                                                                 stephen@youtzvaldez.com
                                                                 James A. Montalbano
                                                                 james@youtzvaldez.com
                                                                 900 Gold Avenue SW
                                                                 Albuquerque, NM 87102
                                                                 (505) 244-1200
                                                                 (505) 244-9700 Fax

                                                                 *Attorneys for Plaintiffs*

EXHIBIT 1

STATE OF NEW MEXICO
COUNTY OF SANDOVAL
ORDINANCE NUMBER 01-18-18.9C

# AN ORDINANCE RELATING TO PROMOTION OF ECONOMIC DEVELOPMENT AND COMMERCE BY REGULATION OF CERTAIN INVOLUNTARY PAYMENTS REQUIRED OF EMPLOYEES IN SANDOVAL COUNTY

**WHEREAS**, it is the intent of this Ordinance to provide that no employee covered by the National Labor Relations Act need join or pay dues to a union, or refrain from joining a union, as a condition of employment; and provide certain penalties for violation of those employment rights; and

**WHEREAS**, public employees are not covered by the National Labor Relations Act, and therefore are not affected by this ordinance;

**WHEREAS**, certain employers in the construction trades have expressed that "hiring halls" run by the construction trades provide certain benefit to them by facilitating hiring qualified employees, agreements with those employers to hire employees referred through those hiring halls is not prohibited by this ordinance;

**WHEREAS**, the County of Sandoval County desires to promote growth and economic development within its legal boundaries, directly and in cooperation with public and private entities promoting Sandoval County and its resources, its people and its many geographical and cultural advantages; and

**WHEREAS**, Sandoval County and its residents compete for the expansion of employment opportunities with other cities, counties and states whose citizens have adopted similar right to work legislation; and

**WHEREAS**, pursuant to the New Mexico Constitution, this Body is tasked with and empowered to enact ordinances of local self-governance, including for the protection and convenience of the public, to encourage local commerce; and protect the rights and well-being of its citizens, and

**WHEREAS**, we hereby find and determine that it is in the best interest of the citizens of Sandoval County to promote and encourage the growth of products, services and employment opportunities to its citizens, and for the protection and convenience of the public and the expansion of the tax base, that we should protect employees' right to choose employment without restraint or

coercion regarding the payment of mandatory dues, fees or other payments to a labor organization as a condition of that employment.

NOW THEREFORE, BE IT ORDAINED BY COUNTY OF SANDOVAL COUNTY, STATE OF NEW MEXICO, THAT NO EMPLOYEE WITHIN ITS INCORPORATED BOUNDARIES WHO IS COVERED BY THE NATIONAL LABOR RELATIONS ACT NEED JOIN OR PAY DUES TO A UNION, OR REFRAIN FROM JOINING A UNION, AS A CONDITION OF EMPLOYMENT; AND CERTAIN PENALTIES SHALL BE PROVIDED FOR VIOLATION OF THOSE EMPLOYMENT RIGHTS:

**Section 1. Authority.** This Ordinance is enacted pursuant to the authority granted to this body by the New Mexico Constitution, as a political subdivision of the State, in accordance with the laws set forth in the New Mexico Revised Statutes and the laws of the United States of America. The Sandoval County Board of Commissioners (the "Commission") is authorized to adopt this ordinance pursuant to NMSA 1978, §§ 3-2-1 et seq., and NMSA 1978 §§ 4-37-1 et seq. The intent of this Ordinance is to be applied throughout the County of Sandoval County, and all governmental entities subsumed thereunder, included.

**Section 2. Declaration of public policy.** It is hereby declared to be the public policy of the Sandoval County in order to ensure individual freedom of choice in the pursuit of employment, for the protection and convenience of its citizens who desire the broadest choice of employment opportunities, to permit its citizens to choose to increase their real take home pay by decreasing mandatory payroll deductions in order to stimulate savings and economic growth, and to encourage an employment climate conducive to the promotion of the County to locate, expand or maintain large and small businesses for the economic development, growth and preservation of the community, including recruiting new businesses to the community, that the right to work shall not be subject to undue restraint or coercion. The right to work shall not be infringed or restricted in any way based on membership in, affiliation with, or financial support of a labor organization.

**Section 3. Terms.** The terms "employee," "employer," "labor organization," and "person" as used in this Ordinance shall have the same meanings as defined by the National Labor Relations Act, 29 U.S.C. §§ 151 et seq.

**Section 4. Freedom of choice guaranteed, discrimination prohibited.** No person covered by the National Labor Relations Act shall be required as a condition of employment or continuation of employment:

    (A)    to resign or refrain from voluntary membership in, voluntary affiliation with, or voluntary financial support of a labor organization;

(B) to become or remain a member of a labor organization;

(C) to pay any dues, fees, assessments, or other charges of any kind or amount to a labor organization; or

(D) to pay to any charity or other third party, in lieu of such payments, any amount equivalent to or a pro-rata portion of dues, fees, assessments, or other charges regularly required of members of a labor organization; or

**Section 5. Voluntary deductions protected.** It shall be unlawful to deduct from the wages, earnings, or compensation of an employee any union dues, fees, assessments, or other charges to be held for, transferred to, or paid over to a labor organization, unless the employee has first presented, and the employer has received, a signed written authorization of such deductions, which authorization may be revoked by the employee at any time by giving written notice of such revocation to the employer, unless the employee has expressly waived such right of revocation in the express terms of an otherwise lawful "dues check-off" card. In the invent of ambiguity in the meaning of the dues check off language, the burden of proving notice, and assent shall be on the party seeking enforcement of the dues check off agreement.

**Section 6. Agreements in violation, and actions to induce such agreements, declared illegal.** Any agreement, understanding, or practice, written or oral, implied or expressed, between any labor organization and employer that violates the rights of employees as guaranteed by provisions of this Ordinance is hereby declared to be unlawful, null and void, and of no legal effect.

**Section 7. Coercion and intimidation prohibited.** It shall be unlawful for any person, labor organization, or officer, agent or member thereof, or employer, or officer thereof, by any threatened or actual intimidation of an employee or prospective employee, or an employee's or prospective employee's parents, spouse, children, grand-children, or any other persons residing in the employee's or prospective employee's home, or by any damage or threatened damage to an employee's or prospective employee's property, to compel or attempt to compel such employee to join, affiliate with, or financially support a labor organization or to refrain from doing so, or otherwise forfeit any rights as guaranteed by provisions of this Ordinance. It shall also be unlawful to cause or attempt to cause an employee to be denied employment or discharged from employment because of support or nonsupport of a labor organization by inducing or attempting to induce any other person to refuse to work with such employees.

**Section 8. Penalties.** Anyone violating any of the provisions of this Ordinance shall upon conviction be subject to a fine not exceeding $300.00 or imprisonment for a period not exceeding 90 days, or both such fine and imprisonment.

**Section 9. Civil remedies.** Any individual harmed as a result of any violation or threatened violation of the provisions of this Ordinance shall have a civil cause of action in the appropriate Court of competent jurisdiction to enjoin further violations, and to recover the actual damages sustained, together with the cost of the lawsuit, including a reasonable attorney's fee. Such remedies shall be independent of and in addition to the penalties and remedies prescribed in other provisions of this Ordinance.

**Section 10. Duty to investigate.** It shall be the duty of the Sheriff of Sandoval County to investigate complaints of violation or threatened violations of this Ordinance and to take all means at his/her command to ensure the effective enforcement of this Ordinance.

**Section 11. Prospective application.** The provisions of this Ordinance shall apply to all contracts entered into after the effective date of this Ordinance by employers and labor organizations for application to employees within our jurisdiction, and shall apply to any renewal or extension of any existing contract.

**Section 12. Effective date.** This Ordinance proposed for adoption shall take effect 30 days upon approval by the Sandoval County Board of County Commissioners.

**Section 13. Severability clause.** If any provision of this Ordinance, or the application thereof to any person, entity or circumstances, shall be invalid or unenforceable to any extent, the remainder of this Ordinance, and the application of such provision to other person, entities or circumstances, shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

**Section 14. Repealer clause.** All prior Orders, Resolutions or Ordinances or parts thereof, in conflict with this Ordinance are hereby repealed.

This Ordinance is adopted pursuant the powers granted to the County by the Sate of New Mexico, and it was published as required in the following manner:_____ Thus, said Ordinance shall be in full force and effect upon signature, recordation and publication in summary form pursuant to the laws of the State of New Mexico and the County of Sandoval County.

**APPROVED** this the _____ day of _____, 20___.

ATTEST:  BOARD OF COUNTY COMMISSIONERS
SANDOVAL COUNTY

_____  _____
Eileen Garbagni, County Clerk  Don G. Chapman, Chair

_____
David J. Heil, Vice Chair

APPROVED AS TO FORM:

_____
Jay C. Block, Member

_____
Heather R. Smallwood,
Assistant County Attorney

_____
F. Kenneth Eichwald, Member

_____
James F. Holden-Rhodes, Member

DRAFT